UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

|  |  |
|---|---|
| ROBERT NEWTON, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A.,<br><br>Defendant. | Case No.: 1:22-cv-89<br><br>Class Action<br><br>Jury Trial Demanded |

# CLASS ACTION COMPLAINT

## Nature of the Action

1. Robert Newton ("Plaintiff") brings this class action against Citibank, N.A. ("Citibank") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Citibank routinely violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to cellular telephone numbers, in connection with which it used an artificial or prerecorded voice, without prior express consent, in that Citibank repeatedly delivered artificial or

1

prerecorded voice messages to wrong or reassigned cellular telephone numbers that do not belong to its accountholders or authorized users of its credit cards. *Accord Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1166 (9th Cir. 2020) ("The principal question in this case is whether Credit One can escape liability under the TCPA because the party it intended to call (its customer) had given consent to be called, even though the party it actually called had not. Consistent with every circuit to have addressed this issue, we hold that this argument fails under the TCPA's text, most naturally read."); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 640 (7th Cir. 2012) ("Consent to call a given number must come from its current subscriber.").

## Jurisdiction

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where a substantial part of the events giving rise to this action occurred in this District.

6. Citibank directed its calls and prerecorded voice messages to Plaintiff in this District, and Plaintiff received Citibank's calls and prerecorded voice messages in this District.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in Cleveland, Tennessee.

8. Citibank is a wholly owned subsidiary of Citigroup Inc., which is publicly traded.

9. Citibank is a National Bank, FDIC Certificate Number 7213, with its principal place of business in New York, New York.

10. Citibank's principal offerings include: consumer finance, mortgage lending and retail banking (including commercial banking) products and services; investment banking, cash management and trade finance; and private banking products and services.

11. Citibank places more than one million calls each day regarding its credit card accounts.

12. Citibank employs more than 2,000 agents in its call centers to handle calls regarding its credit card accounts.

**Factual Allegations**

13. For more than five years, Plaintiff has been the subscriber to, and sole customary user of, telephone number (423) XXX-5868.

14. For more than five years, telephone number (423) XXX-5868 has been assigned to a cellular telephone service.

15. In an attempt to contact one or more third parties, Citibank placed calls and delivered artificial or prerecorded voice messages to telephone number (423) XXX-5868.

16. Citibank placed calls and delivered artificial or prerecorded voice messages to telephone number (423) XXX-5868 in 2022.

17. For example, Citibank placed at least one call to telephone number (423) XXX-5868 on March 21, 2022.

18. Citibank placed at least one call to telephone number (423) XXX-5868 on March 22, 2022.

19. Citibank placed at least one call to telephone number (423) XXX-5868 on March 23, 2022.

20. Citibank placed at least one call to telephone number (423) XXX-5868 on March 24, 2022.

21. Citibank placed at least one call to telephone number (423) XXX-5868 on March 25, 2022.

22. Citibank placed at least one call to telephone number (423) XXX-5868 on March 28, 2022.

23. Citibank placed at least one call to telephone number (423) XXX-5868 on March 30, 2022.

24. Citibank placed at least one call to telephone number (423) XXX-5868 on March 31, 2022.

25. Citibank placed at least one call to telephone number (423) XXX-5868 on April 1, 2022.

26. Citibank placed at least one call to telephone number (423) XXX-5868 on April 2, 2022.

27. Citibank placed at least one call to telephone number (423) XXX-5868 on April 4, 2022.

28. Citibank placed at least one call to telephone number (423) XXX-5868 on April 5, 2022.

29. Citibank placed at least one call to telephone number (423) XXX-5868 on April 6, 2022.

30. Citibank placed its calls to telephone number (423) XXX-5868 from telephone numbers (866) 613-6856 and (877) 587-5726, among other potential telephone numbers.

31. Telephone number (866) 613-6856 is associated with Citibank.

32. Upon placing an outbound call to (866) 613-6856, a prerecorded message plays that begins, "Thank you for calling Citibank. This call may be monitored or recorded."

33. Telephone number (877) 587-5726 is associated with Citibank.

34. Upon placing an outbound call to (877) 587-5726, a prerecorded message plays that begins, "Thank you for calling Citibank. This call may be monitored or recorded."

35. In connection with its calls to telephone number (423) XXX-5868, Citibank delivered artificial or prerecorded voice messages.

36. For example, on March 21, 2022, Citibank delivered a prerecorded voice message to the voice mail box associated with telephone number (423) XXX-5868, which stated:

> This is not a sales call. We look forward to speaking with you. Thank you. You may also access your account information online at www.toro-exmark.accountonline.com. This is Citibank with a message for Rhonda E. Holder about your Toro Exmark credit card program. Please press pound at any time to continue to our automated payment system or call Citibank at 866-613-6856. This is not a sales call. We look forward to speaking with you. Thank you. You may also access your account information online at www.toro-exmark.accountonline.com.

37. Plaintiff listened to the March 21, 2022 prerecorded voice message Citibank delivered to his cellular telephone.

38. As another example, on April 5, 2022, Citibank delivered a prerecorded voice message to the voice mail box associated with telephone number (423) XXX-5868, which stated:

> Thank you for being a part of the Citibank family. We know you're busy but if you could please just take a few minutes to login at the website for your retail credit card issued by Citibank to review your current status it would be appreciated. If you prefer to call us please feel free to as it is always great to get a chance to speak with one of our valued clients. Our toll-free number is 1-877-587-5727. Once again, thanks for being a valued Citibank customer.

39. Plaintiff listened to the April 5, 2022 prerecorded voice message Citibank delivered to his cellular telephone.

40. Citibank also delivered prerecorded voice messages to the voice mail box associated with telephone number (423) XXX-5868 on, among other dates, March 24, 2022, March 25, 2022, March 28, 2022, March 30, 2022, March 31, 2022, April 1, 2022, April 2, 2022, April 4, 2022, and April 6, 2022.

41. Plaintiff listened to each artificial or prerecorded voice message Citibank delivered to his cellular telephone.

5

42. On at least one occasion, and in response to Citibank's calls to telephone number (423) XXX-5868, Plaintiff spoke with Citibank and, during the ensuing conversation, Citibank informed Plaintiff that Citibank did not intend to reach Plaintiff and that Citibank was looking for someone else.

43. Plaintiff is not Rhonda E. Holder.

44. Plaintiff does not know anyone named Rhonda E. Holder.

45. Plaintiff did not give anyone named Rhonda E. Holder permission to use his cellular telephone.

46. Plaintiff did not give anyone named Rhonda E. Holder permission to use telephone number (423) XXX-5868.

47. Citibank's records will identify each call it placed to telephone number (423) XXX-5868.

48. Citibank's records will identify each prerecorded voice message it played or delivered, or attempted to play or deliver, to telephone number (423) XXX-5868.

49. Citibank did not have Plaintiff's prior express consent to place any calls to telephone number (423) XXX-5868.

50. Citibank did not have Plaintiff's prior express consent to deliver artificial or prerecorded voice messages to telephone number (423) XXX-5868.

51. Plaintiff never provided telephone number (423) XXX-5868 to Citibank.

52. Plaintiff does not have any business relationship with Citibank.

53. Plaintiff does not have, and never had, an account with Citibank.

54. Plaintiff does not, and never did, owe any money to Citibank.

55. Plaintiff is not an authorized user of any Citibank credit card.

56. Citibank did not place any calls to telephone number (423) XXX-5868 for emergency purposes.

57. Citibank placed its calls and delivered artificial or prerecorded voice messages to telephone number (423) XXX-5868 under its own free will.

58. Citibank had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed to telephone number (423) XXX-5868.

59. Plaintiff suffered actual harm as a result Citibank's calls and prerecorded voice messages in that he suffered an invasion of privacy, an intrusion into his life, a private nuisance, and was forced to spend time attempting to get Citibank's calls and prerecorded voice messages to stop.

60. Upon information and good faith belief, Citibank, as a matter of pattern and practice, places calls using an artificial or prerecorded voice, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

**Class Action Allegations**

61. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and a class of similarly situated individuals as defined below:

> All persons and entities throughout the United States (1) to whom Citibank, N.A. placed a call in connection with a credit card account, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Citibank, N.A. customer or authorized user, (3) with an artificial or prerecorded voice, (4) from January 29, 2022 through the date of class certification.

Excluded from the class are Citibank, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Citibank has or had a controlling interest.

62. The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable.

63. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

64. The proposed class is ascertainable because it is defined by reference to objective criteria.

65. In addition, and upon information and belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by Citibank and third parties, including class members.

66. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Citibank, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

67. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Citibank regarding a Citibank credit card account, without his consent, in violation of 47 U.S.C. § 227.

68. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Citibank even though he does not have a Citibank credit card account and is not an authorized user of a Citibank credit card.

69. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

70. Plaintiff's counsel currently serve as Court-appointed Class Counsel in a TCPA class action against Citibank. *See Head v. Citibank, N.A.*, No. 3:18-cv-080189-ROS (D. Ariz.). The last day of the class period in that case is January 28, 2022.

71. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

72. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

73. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

74. There will be little difficulty in the management of this action as a class action.

75. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Citibank has acted on grounds generally applicable to the class.

76. Among the issues of law and fact common to the class are:

   a. Citibank's violations of the TCPA as alleged in this class action complaint;

   b. Citibank's use of an artificial or prerecorded voice in connection with its calls;

   c. Citibank's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers;

   d. Whether Citibank is liable for artificial or prerecorded voice messages it delivered to persons who did not have an account with it; and

   e. the availability of statutory damages.

77. Absent a class action, Citibank's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

## Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)
### On behalf of Plaintiff and the class

78. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-77.

79. Citibank violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without his consent.

80. As a result of Citibank's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Citibank violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Citibank from continuing to place calls by using an artificial or prerecorded voice to Plaintiff and members of the proposed class without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c) Awarding Plaintiff and members of the class statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(d) Awarding Plaintiff and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(e) Awarding other and further relief as the Court may deem just and proper.

### Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

| | |
|---|---|
| Dated: April 11, 2022 | */s/ Shireen Hormozdi* |
| | Shireen Hormozdi |
| | HORMOZDI LAW FIRM, LLC |
| | 1770 Indian Trail Lilburn Road |
| | Suite 175 |
| | Norcross, GA 30093 |
| | Tel: (678) 395-7795 |
| | shireen@norcrosslawfirm.com |
| | |
| | Michael L. Greenwald* |
| | GREENWALD DAVIDSON RADBIL PLLC |
| | 5550 Glades Road, Suite 500 |
| | Boca Raton, FL 33431 |
| | Tel: (561) 826-5477 |
| | mgreenwald@gdrlawfirm.com |
| | |
| | Matthew R. Wilson* |
| | MEYER WILSON CO., LPA |
| | 305 W. Nationwide Blvd. |
| | Columbus, OH 43215 |
| | Tel: (614) 224-6000 |
| | mwilson@meyerwilson.com |
| | |
| | * To seek admission *pro hac vice* |
| | |
| | Counsel for Plaintiff and the proposed class |